Summers, J.
The plaintiff Jackson, sued out, from a Justice of the Peace, a warrant for a small debt against the defendant Maxwell. The Justice rendered a judgment in favor of the plaintiff for ten dollars, with interest and costs: from this judgment an appeal was had to the County Court, and on examination there, the appeal was dismissed on the ground that it had been improvidently-granted. The defendant Maxwell then filed a petition in the County Court, alleging various grounds why the Justice of the Peace ought not to have rendered judgment against him, (all of which go to the merits of the decision, not to the jurisdiction of the Justice,), and praying for a Writ of Prohibition. The County Court taking cognizance of the questions thus brought before that tribunal, ultimately gave judgment prohibiting the Justice of the Peace from enforcing his judgment rendered against the defendant.
A transcript of those proceedings was presented to the Superior Court of Law by the plaintiff Jackson, together with a suggestion, setting out all the circumstances, and alleging that the County Court had wrongfully usurped a jurisdiction which by law appertains exclusively to another tribunal, and on that ground praying a writ \oprohibit the County Court from further proceeding in the matter, or enforcing its order awarding a like writ to the Justice of *637 die Peace. Upon this application, the Superior Court adjouroed to this Court the following questions for its decision: 1. Can a Writ of Prohibition be awarded by a County Court in any instance ? 2. If (he County Court exceeded its jurisdiction in granting the writ set out in the record, ought the Superior Court of Law to award a writ prohibiting the County Court from enforcing its order granting the said Writ of Prohibition ? 3. What judgment ought the Superior Court of Law to render on the whole premises?
Orj examining this subject, we find that the Writ of Prohibition was framed as early as 3 Edw. 1; that its purpose was to preserve the rights of the King’s Crown and Courts, and was intended for the ease and quiet of the subject, because the wisdom and policy of the laws supposed that both would he best preserved when every thing was restrained to its proper channel, according to the original jurisdiction of every Court. And certainly it cannot be less necessary and proper here, that the several Courts keep within the limits and bounds of the jurisdiction prescribed to each by the laws and statutes of the Commonwealth. The Superior Courts at. Westminster, having the superintendency over all Inferior Courts, were accustomed, in all cases of innovation, &c. to award a Prohibition, particularly the Court of King’s Bench. Fitz Nat. Brev. 53, and 4 Inst, 71. But, the exercise of jurisdiction by way of prohibition, has ever been confined in that country to the Supe° ñor Common Law Courts.
With us, the Superior Courts of Law are the general depositories of common law jurisdiction. Their authority extends to all persons and over all causes, matters or things at common law, which were cognizable in the General Court on the 82d of December, 1788. On this ground, Writs of Prohibition were awarded under decisions of this Court, in the cases of Miller v Marshall, 1 Virg. Cases, 158, and Hutson v. Lowry, 2 Virg Cases, 42; in both of which cases, the non-existence of such a jurisdiction in ihc County Courts must be taken to have been decided, hr ■ *638 cause if such power resided in those Courts, these were fit occasions for its exercise, and the jurisdiction of the Superior Courts of Law would have been confined to a superintendence of its application. A reference, however, to the acts giving jurisdiction to the County Courts, proves, that their entire authority is derived from the enumerated powers conferred; among which, this superintendency is not to be found, nor is it ancillary to any of the jurisdiction conferred upon those Courts. From this view of the subject, it follows, that the County Court exceeded its jurisdiction in the case before us, and so far as it transcended its rightful authority, the only remedy known to our laws, is found in the application of the Writ of Prohibition to this unauthorised interposition.
The following is to be entered as the judgment of the Court.
This Court is of opinion, and doth decide, that a County Court has not jurisdiction by prohibition in any instance, and that when a County Court shall extend its jurisdiction by granting such writ, the Superior Court of Law may, and ought, upon proper application, to award a Writ of Prohibition to such County Court, prohibiting the further exercise of such jurisdiction, or the enforcing any order or judgment made under colour thereof.